FILED
JAN 12 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY JAA DEP CLK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**

**Case No** 5:26-CT-3014-FL

Plaintiff,
- **Hamza Tebib,**

v.

Defendants.
- **Granville County;**
- **Robert D. Fountain**, Granville County Sheriff (individual and official capacities;
- **Fred Robertson,** Jail Administrator, in his individual and official capacities;
- **Wilson,** Maintenance Officer, in his official capacity**;**
- **Sheriff Surety Bond**.

## MEMORANDUM OF LAW

## IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

## I. INTRODUCTION

This is a civil rights action arising from a **coordinated campaign of retaliation and coercion** carried out by jail officials against a **pretrial detainee**, one of the most vulnerable persons subject to state power.

After Plaintiff exercised his constitutional and statutory rights through federal litigation, Defendants employed **diverse custodial devices** to punish, intimidate, and silence him. These included the deliberate deprivation of hot-water showers essential to hygiene and religious practice; interference with court-ordered discovery; technological disruption of communications and legal access; tolerance of known inmate threats; and administrative obstruction designed to amplify isolation, fear, and compliance.

The 20-day deprivation of hot-water showers—repeated again days later—was not an isolated maintenance issue or emergency. It was one instrument in a **broader retaliatory scheme**, executed despite written state regulations mandating hot-water access by design and emergency contingency.

Taken together, Defendants' actions reflect an abuse of custodial authority aimed at **coercing submission through deprivation**, exploiting Plaintiff's dependence on jail officials for basic human needs, religious observance, legal access, and personal safety. The Constitution does not permit the State to retaliate against protected activity by weaponizing the conditions of confinement.

## II. RULE 12(b)(6) STANDARD

A complaint survives Rule 12(b)(6) if it contains sufficient factual matter, accepted as true, to state a claim that is **plausible on its face**.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At this stage, the Court must:

- Accept all factual allegations as true;
- Draw all reasonable inferences in Plaintiff's favor; and
- Refrain from resolving factual disputes or weighing credibility.

## III. THE 20-DAY COLD-SHOWER DEPRIVATION STATES MULTIPLE CONSTITUTIONAL CLAIMS

### North Carolina Administrative Regulations Confirm That Hot Water Showers Are MANDATORY — Not Optional

North Carolina jail regulations **expressly require hot water showers**, not as a luxury, but as a **baseline condition of confinement**, designed into the facility from inception through emergency contingencies:

- **14B N.C. Admin Code 14J .1218** – Plumbing systems *shall provide hot water;*
- **14B N.C. Admin Code 14J .1509(b)** – Dayroom cells *shall have approved hot water;*
- **14B N.C. Admin Code 14J .1602** – Showers *shall be provided with hot water;*
- **14B N.C. Admin Code 14J .1219(f)(3)** – Emergency electrical systems *shall support hot water showers;*
- **14B N.C. Admin Code 14J .0704** – Inmates *shall have access to showers.*

**Key Legal Significance**

These regulations establish that:

1. **Hot water shower access is mandatory by law;**
2. **Emergency planning expressly anticipates continuity of hot water;**
3. A 20-day deprivation **cannot plausibly be characterized as an "emergency;"**
4. The system is designed **never to run out of hot water shower access.**

The presence of **hot water at cell lavatory sinks** conclusively defeats any claim of heater failure or system incapacity. The deprivation was therefore **intentional, targeted, and engineered**.

## IV. THE CUMULATIVE EFFECT OF DEFENDANTS' CONDUCT STATES MULTIPLE CONSTITUTIONAL VIOLATIONS

### A. Constitutional Violations Must Be Assessed in Context, Not in Isolation

Defendants' anticipated Rule 12(b)(6) argument—that each challenged condition, viewed in isolation, is insufficient to state a constitutional claim—misstates the law.

It is well established that **conditions of confinement and official conduct must be evaluated cumulatively**, not as a series of disconnected events. The Constitution is violated where **the totality of conditions** imposes punishment, burdens fundamental rights, or reflects deliberate indifference, even if no single act would independently suffice.

The Fourth Circuit has squarely held:

"Courts must consider the **cumulative effect of prison conditions** when determining whether a constitutional violation has occurred."

— *Williams v. Griffin*, 952 F.2d 820, 825 (4th Cir. 1991).

The Supreme Court has likewise rejected "piecemeal" constitutional analysis in conditions- of-confinement cases.

*Wilson v. Seiter*, 501 U.S. 294, 304–05 (1991).

## B. The Cumulative Conditions Imposed on Plaintiff Were Punitive, Retaliatory, and Unreasonable

Here, Plaintiff does not rely on a single deprivation. Rather, he alleges a **coordinated pattern of conduct** imposed over a defined period, including:

1. **Twenty (20) consecutive days of cold-only or nonfunctional showers**, followed by a repeat four-day deprivation, despite mandatory state regulations requiring hot water showers by design and emergency contingency;
2. **Intentional interference with court-ordered discovery**, including withholding discovery materials until after deadlines expired, causing actual injury to ongoing federal litigation;
3. **Technological interference with communications**, including dropped calls, one-way audio, Wifi disconnections, and tablet instability resulting in:
   - inflated communication costs,
   - impaired legal consultation,
   - loss of law-library access;
4. **Tolerance of known inmate threats and harassment**, coupled with explicit statements by staff that intervention was prohibited absent supervisory authorization;
5. **Burdening of religious exercise**, including categorical prevention of mandatory Islamic major ablution (ghusl), which cannot be substituted by sink washing; and

6. **Temporal proximity to protected litigation activity**, including pending default exposure and active discovery disputes.

Evaluated together, these conditions reflect **punitive intent**, not administrative happenstance.

Under *Bell v. Wolfish*, a pretrial detainee need not show express intent to punish; punishment exists where conditions are **not reasonably related to a legitimate governmental objective** or are **excessive in relation to that objective**. 441 U.S. 520, 538 (1979).

## C. Cumulative Deprivations Can Establish Deliberate Indifference and Retaliatory Motive

Even where individual acts might be framed as negligence or inconvenience, **their convergence and repetition** supports a plausible inference of:

- **deliberate indifference** (*Farmer v. Brennan*, 511 U.S. 825 (1994));
- **retaliatory motive** (*Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017)); and
- **access-to-courts interference** (*Lewis v. Casey*, 518 U.S. 343 (1996)).

Courts routinely reject attempts to disaggregate such conduct where the pattern itself is the harm:

"A prison official's conduct must be evaluated in light of the entire course of **conduct**, not individual incidents viewed in isolation."

— *Hope v. Pelzer*, 536 U.S. 730, 738 (2002).

The repetition of similar tactics across multiple federal cases further supports an inference of **custom, practice, and ratification**, reinforcing municipal and official-capacity liability.

### D. Defendants' "Each Condition Alone" Argument Is a Merits Defense, Not a Pleading Defect

At the Rule 12(b)(6) stage, the Court must accept Plaintiff's allegations as true and draw reasonable inferences in his favor. Whether Defendants can later justify each condition is a **fact-bound inquiry**, inappropriate for dismissal.

The cumulative-effect doctrine ensures that constitutional protections are not nullified by **strategic fragmentation** of misconduct.

As the Fourth Circuit has cautioned, courts must not permit officials to evade liability by "**dividing a single constitutional wrong into a series of minor inconveniences**." *Williams v. Griffin*, 952 F.2d at 825.

### E. The Cumulative Effect Here States Multiple Plausible Constitutional Violations

Taken together, Defendants' conduct plausibly alleges:

- **Pretrial punishment** in violation of the Fourteenth Amendment;
- **Deliberate indifference** to basic human needs and safety;
- **Substantial burden on religious exercise** under RLUIPA;
- **Retaliation** for protected First Amendment activity;
- **Actual injury to access to courts**; and
- **Systemic misconduct attributable to final policymakers** under *Monell*.

Dismissal at the pleading stage would therefore be inconsistent with binding precedent and the governing Rule 12(b)(6) standard.

## V. CLAIM-BY-CLAIM RULE 12(b)(6) ANALYSIS

### COUNT I – RLUIPA / FREE EXERCISE

**Legal Standard**

A substantial burden exists where the government **puts substantial pressure on an adherent to violate religious beliefs**.

*Holt v. Hobbs*, 574 U.S. 352 (2015).

**Application**

- *Islamic major ablution (ghusl) requires full-body washing;*
- *Sink access is insufficient as a matter of religious law;*
- *20-day deprivation categorically prevented compliance;*
- *No compelling interest exists;*
- *Less* restrictive alternatives plainly existed.

### COUNT II – RETALIATION- First Amendment

**Legal Standard**

Plaintiff must plead:

1. Protected activity
2. Adverse action
3. Causal connection

*Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017)

**Application**

- *Protected activity: federal litigation*
- *Adverse action: prolonged cold showers, tech disruption, threats*
- *Causation*:
  - Temporal proximity
  - Pattern across cases
  - Repetition after default exposure
  - No legitimate explanation

Courts recognize **conditions-based retaliation** as actionable.

*Martin v. Duffy*, 858 F.3d 239 (4th Cir. 2017)

## COUNT III – ACCESS TO COURTS

**Legal Standard**

Plaintiff must allege **actual injury**.

*Lewis v. Casey*, 518 U.S. 343 (1996)

**Application**

- Discovery was withheld until deadlines expired;
- Phone outages impaired legal communications;
- Tablet/Wi-Fi outages blocked law library access;
- Plaintiff lost procedural opportunities.

## COUNT IV – PRETRIAL PUNISHMENT

**Fourteenth Amendment** (Bell v. Wolfish)

### Legal Standard

A pretrial detainee may not be subjected to conditions that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Punishment exists where:

1. There is **express intent to punish**, or
2. The condition is **not reasonably related** to a legitimate governmental objective, or
3. The condition is **excessive in relation** to any legitimate objective.

### Application to 20-Day Cold Showers

- 20 days without hot showers is **not incident to detention;**
- No legitimate penological purpose is alleged;
- NC regulations mandate hot showers, including in emergencies;
- Hot water existed elsewhere in the facility;
- The deprivation coincided with litigation activity;

Courts consistently hold that prolonged deprivation of hygiene constitutes punishment:

- Kingsley v. Hendrickson, 576 U.S. 389 (2015) (objective unreasonableness governs pretrial detainees)
- Darrell *v. Pineiro*, 849 F.3d 17 (2d Cir. 2017) (conditions violating basic hygiene support due process claims).

## COUNT V – CRUEL AND UNUSUAL PUNISHMENT
## Eighth Amendment (Alternative Theory)

### Legal Standard

A deprivation violates the Eighth Amendment where:

1. It denies a basic human need, and
2. Officials act with **deliberate indifference**.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### Cold Shower Case Law (Nationwide)

Courts around the country have repeatedly recognized that **prolonged cold-shower deprivation** violates the Constitution:

- *Walker v. Schult*, 717 F.3d 119 (2d Cir. 2013)

  → Lack of hot water over time states an Eighth Amendment claim

- *Wright v. McMann, 387 F.2d 519 (2d Cir. 1967)*

  → *Cold exposure and hygiene deprivation are unconstitutional*

- *Johnson v. Pelker, 891 F.2d 136 (7th Cir. 1989)*

  → *Denial of water and hygiene supplies violates basic human needs*

- *Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985)

  → Unsanitary conditions and lack of hygiene violate Eighth Amendment

The Fourth Circuit has likewise recognized that the denial of basic hygiene may rise to the level of an Eighth Amendment violation where the deprivation is sufficiently prolonged or intentional. *Shakka v. Smith*, 71 F.3d 162, 166–67 (4th Cir. 1995).

**Application**

- *20 days of cold-only showers is objectively serious*
- *Defendants were repeatedly notified*
- *Hot water existed elsewhere*
- *The* condition was recreated again January 6–10, 2026

**Count VI – Equal Protection (Fourteenth Amendment)**

**Legal Standard**

To state an Equal Protection claim under the Fourteenth Amendment, a plaintiff must plausibly allege that he was:

1. **Treated differently** from others similarly situated; and
2. The unequal treatment was **intentional** and **without a rational basis**, or was based on an impermissible classification.

   *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

A detainee may also proceed under a "class-of-one" theory where he plausibly alleges intentional differential treatment without rational justification. *Id.* (per curiam)

**Application**

Plaintiff plausibly alleges intentional differential treatment because:

- Plaintiff's pod was subjected to prolonged deprivation of functional hot-water showers, while **other pods maintained normal showers**, as reported by other inmates;

- Hot water remained available elsewhere in the facility (including lavatory sinks), undermining any claim of system-wide failure; and
- The deprivation coincided with Plaintiff's protected litigation activity and a documented pattern of retaliation, supporting the inference that Plaintiff's pod (and Plaintiff) were **singled out**.

At the pleading stage, Plaintiff is not required to identify every comparator by name or prove the precise motivation; it is enough to allege facts supporting a plausible inference of intentional differential treatment without a legitimate governmental purpose. *Iqbal*, 556 U.S. at 678.

Accordingly, Count VI states a plausible Equal Protection claim and should not be dismissed.

## COUNT VII – MONELL / OFFICIAL CAPACITY

### Legal Standard

Municipal liability exists where injury is caused by:

- Policy
- Custom
- Decision of final policymaker

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

A North Carolina sheriff is a **final policymaker**.

*Knight v. Vernon*, 214 F.3d 544 (4th Cir. 2000)

### Application

- Violations occurred repeatedly

- Regulations were knowingly violated
- Emergency systems were ignored
- Supervisors failed to intervene
- Retaliation spanned multiple cases

**Count VIII – Failure to Train and Supervise (42 U.S.C. § 1983)**

**Legal Standard**

A municipality or final policymaker is liable under § 1983 for failure to train or supervise where:

1. The training or supervision was **inadequate**;
2. The inadequacy resulted from **deliberate indifference**; and
3. The inadequacy was **closely related to or actually caused** the constitutional injury.

*City of Canton v. Harris*, 489 U.S. 378, 388–92 (1989).

Deliberate indifference may be shown where the need for training is **obvious** and the likelihood of constitutional violations is **highly predictable**.

*Connick v. Thompson*, 563 U.S. 51, 61 (2011).

**Application**

Plaintiff plausibly alleges that Defendants failed to train and supervise jail staff regarding:

- mandatory compliance with North Carolina jail regulations governing hot-water showers;
- constitutional limits on punishment of pretrial detainees;

- religious accommodations required by federal law;
- access-to-courts protections; and
- response obligations to known inmate threats.

The violations alleged here—particularly a **20-day deprivation of hot showers in direct violation of written regulations**, followed by a repeat occurrence—are precisely the type of predictable constitutional violations that arise from inadequate training and supervision.

At the pleading stage, Plaintiff need not identify the precise training curriculum. It is sufficient to allege facts permitting the inference that **Defendants' failure to train and supervise was deliberate and causally connected to the injuries suffered**.

*Jordan by Jordan v. Jackson*, 15 F.3d 333, 341 (4th Cir. 1994).

Dismissal of Count VIII is therefore unwarranted.

**Count IX – North Carolina Constitutional Violations**

**Legal Standard**

The North Carolina Constitution provides a **direct cause of action** where:

1. A plaintiff alleges a violation of a state constitutional right; and
2. **No adequate state remedy exists** to redress the injury.

   *Corum v. Univ. of N.C.*, 330 N.C. 761, 782 (1992).

**Application**

Plaintiff alleges violations of rights secured by Article I of the North Carolina Constitution, including rights to due process, dignity, and freedom from arbitrary punishment.

Where, as here, the alleged misconduct involves **intentional acts by state officials under color of office**, and where common-law remedies are either unavailable or inadequate, *Corum* permits a direct constitutional claim.

Defendants' argument that statutory or tort remedies might exist is insufficient at the Rule 12 stage. The adequacy of alternative remedies is a **fact-intensive inquiry** that cannot be resolved on a motion to dismiss.

*Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 339–40 (2009).

Count IX is plausibly pled.

## Count X – Intentional Infliction of Emotional Distress (IIED)

**Legal Standard**

To state an IIED claim under North Carolina law, a plaintiff must allege:

1. **Extreme and outrageous conduct**;
2. Intended to cause, or recklessly indifferent to the likelihood of causing;
3. **Severe emotional distress**.

*Dickens v. Puryear*, 302 N.C. 437, 452 (1981).

**Application**

Plaintiff alleges conduct far exceeding ordinary negligence, including:

- prolonged deprivation of hot showers despite mandatory regulations;
- deliberate interference with religious practice;
- exposure to known threats without protection; and
- a sustained pattern of retaliatory harassment.

North Carolina courts have repeatedly recognized that **abuse of custodial power** and **intentional humiliation or deprivation of basic human needs** may constitute extreme and outrageous conduct.

*Guthrie v. Conroy*, 152 N.C. App. 15, 23 (2002).

Plaintiff also alleges severe emotional and psychological distress resulting from Defendants' conduct. At the pleading stage, these allegations are sufficient.

Dismissal of Count X would be improper.

**Count XI – Sheriff's Bond Liability (N.C. Gen. Stat. §§ 162-55, 58-76-5)**

**Legal Standard**

North Carolina law provides that a sheriff and the sheriff's surety are **jointly and severally liable** for acts committed by the sheriff or deputies **under color of office**.

N.C. Gen. Stat. §§ 162-55; 58-76-5.

**Application**

Plaintiff alleges that Defendant Sheriff Fountain and his agents committed the challenged acts **while performing official duties and exercising custodial authority**.

Such allegations are sufficient to trigger bond liability at the pleading stage.

The statute is remedial and is to be **liberally construed** in favor of injured parties.

*Messick v. Catawba Cnty.*, 110 N.C. App. 707, 715 (1993).

Whether the surety is ultimately liable is a matter for proof, not dismissal.

Count XI is properly pled.

## VI. ALLEGED "EMERGENCY" DOES NOT DEFEAT PLAUSIBILITY AT THE PLEADING STAGE

Defendants cannot plausibly argue emergency where:

- Emergency systems were designed to preserve hot water
- Hot water existed elsewhere
- The condition persisted for 20 days
- The condition was re-implemented days later

This is **not emergency** — it is **punitive manipulation**.

## VII. CONCLUSION

Plaintiff has plausibly alleged:

- Punishment of a pretrial detainee
- Deliberate indifference to basic human needs

- Substantial burden on religious exercise
- Retaliation for protected activity
- Systemic violations under Monell

**Rule 12(b)(6) dismissal is not warranted.**

**Respectfully submitted,**

**This, the 12th day of January 2026.**

Hamza Tebib

**Hamza Tebib, Plaintiff, pro se**
Granville Detention Center
525 New Commerce Drive
Oxford, NC 27565