IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3014-FL

| | | |
|---|---|---|
| HAMZA TEBIB,<br><br>Plaintiff,<br><br>v.<br><br>GRANVILLE COUNTY, ROBERT D. FOUNTAIN, FRED ROBERTSON, MAINTENANCE OFFICER WILSON, and SHERIFF SURETY BOND,<br><br>Defendants. | ) | ORDER |

Plaintiff, a pretrial detainee proceeding pro se, commenced this action by filing complaint January 12, 2026, claiming violations of his civil rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 114 Stat. 803, 42 U.S.C. § 2000cc et seq., 42 U.S.C. § 1983, and North Carolina law. The matter now comes before the court for initial review under 28 U.S.C. § 1915(e)(2)(B).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss any that are frivolous, malicious, fail to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating

whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

This is not plaintiff's first lawsuit against most of the defendants named in this case. Plaintiff asks the court to take judicial notice of his other lawsuits, including Tebib v. Granville County, 5:25-CT-3187-FL (E.D.N.C.), which the court dismissed as malicious on May 29, 2026, Tebib v. Fountain, 5:25-CT-3035-D (E.D.N.C.), which the court dismissed on August 11, 2026, and Tebib v. Fountain, 5:25-CT-3036-BO (E.D.N.C.), which has pending motions to dismiss. In one of those cases, the court identified 10 civil actions filed in this court, "most of which involve at least in part numerous conclusory complaints about mistreatment at Granville County Detention Center." Tebib v. Granville County, 5:25-CT-3187-FL (E.D.N.C. May 29, 2026). Here, again, plaintiff alleges numerous claims against defendants under federal and state law. Each is addressed in turn.

First, plaintiff alleges defendants interfered with his religious exercise under RLUIPA. Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the

religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government shows that the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc–1(a). RLUIPA broadly defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A). Plaintiff's observance of major ablution (Ghusl) qualifies as "religious exercise" under this definition. See Lovelace v. Lee, 472 F.3d 174, 186-87 (4th Cir. 2006).

Next, the court must determine whether this burden was substantial. "[F]or RLUIPA purposes, a substantial burden on religious exercise occurs when a state or local government, through act or omission, "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. at 187. The substantial burden also incorporates a causation element. This requires a plaintiff to show that defendants' "policies are the cause of the alleged burden on his [religious] exercise." Wright v. Lassiter, 921 F.3d 413, 419 (4th Cir. 2019).

Plaintiff alleges he was prevented from performing major ablution from December 11, 2025, through January 1, 2026, when the hot water shower line in plaintiff's prison pod was disabled. Plaintiff alleges this occurred again on January 6, 2026. According to plaintiff, hot water remained available elsewhere in the facility, including sinks and other pods. Plaintiff has not identified occasions on which he attempted to perform but was ultimately prevented from performing ablution, shown how defendants' policies were responsible for the temporary hot water outage, or demonstrated that he could not perform ablution using cold water. See id.; see also

Lopez v. Robinson, 914 F.2d 486, 492 (4th Cir. 1990) (finding no "right to hot showers in prison" in the Eighth Amendment context). As such, this claim fails on initial review.

Next, plaintiff alleges defendants retaliated against him in violation of the First Amendment. To state a viable claim under the First Amendment, plaintiff must show: 1) he engaged in protected First Amendment activity; 2) defendants took action that adversely affected plaintiff's First Amendment rights; and 3) there was a causal relationship between plaintiff's protected activity and defendants' conduct. Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017); see also Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005).

Under the First Amendment, prisoners have the right to file grievances and lawsuits free from retaliation. See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 545 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Turning to the second prong, for purposes of a First Amendment retaliation claim, "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Constantine, 411 F.3d at 500. This requires showing "that the defendant's conduct resulted in something more than a 'de minimis inconvenience' to [his] exercise of First Amendment rights." Id. (internal citation omitted).

Defendants' alleged retaliatory conduct encompasses a broad range of activities with no discernable retaliatory connection to plaintiff's various lawsuits, including: 1) plaintiff received discovery materials on a compact disc in a separate lawsuit; 2) plaintiff lacked hot water as detailed above; 3) plaintiff was not protected from "ongoing threats and harassment by a known gang-affiliated detainee"; and 4) plaintiff suffered "technological interference affecting telephone

communications, tablet functionality, and electronic legal research." (DE 1 at 3-6). Plaintiff has not shown how or to what extent any of these alleged retaliatory acts involved defendants, he has not established a causal connection between his protected activity and the alleged retaliatory acts, and the overwhelming majority of the alleged acts would not "likely deter a person of ordinary firmness from the exercise of First Amendment rights." See Constantine, 411 F.3d at 500. Thus, this claim also fails.

Next, plaintiff alleges he was denied access to the courts when defendants' "produc[ed] discovery on a CD, confiscate[ed] it upon arrival, and [withheld] access until after discovery deadlines expired" in his ongoing litigation against defendants in Tebib v. Fountain, 5:25-CT-3036-BO (E.D.N.C.). (DE 1 at 9). Plaintiff further alleges defendants "interfered through technological disruption that impaired sustained legal communications, law-library access, and tablet-based case preparation." (Id.). To the extent plaintiff alleges his right to discovery was interfered with in ongoing litigation, plaintiff should file a motion in that case. See Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996) (declining to interfere with district court's "nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders"). More broadly, plaintiff has not alleged sufficient factual content to state a claim for denial of access to the courts, especially where it remains possible for him to seek relief in the pending civil case. See Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006).

Plaintiff also alleges due process and equal protection violations under the Fourteenth Amendment. Pretrial detainees have a due process right "to be free from punishment." Bell v. Wolfish, 441 U.S. 520, 535 (1979). While plaintiff alternatively pleads Eighth Amendment

violations, as a pretrial detainee, his claims do not arise under the Eighth Amendment. See id. at 535 n.16. A pretrial detainee may pursue both substantive and procedural due process claims. Williamson v. Stirling, 912 F.3d 154, 173-74 (4th Cir. 2018). Here, plaintiff does allege procedural due process violations, so the court analyzes the instant claim under the substantive due process framework.

Substantive due process claims typically challenge "the general conditions of confinement or the treatment of all detainees in a specific facility." Id. at 174. "[T]o prevail on a substantive due process claim, a pretrial detainee must show unconstitutional punishment by proving that the challenged conditions were either 1) imposed with an expressed intent to punish or 2) not reasonably related to a legitimate nonpunitive governmental objective." Id. at 178. Plaintiff again points to the alleged "shower deprivation, discovery obstruction, technological interference, and exposure to known threats" as the basis for this claim. (DE 1 at 10). Still, plaintiff has not shown how or to what extent any of this alleged misconduct involved defendants. And plaintiff provides no factual support to suggest that any of the alleged misconduct was imposed with the express intent to punish plaintiff or by which the intent to punish may be inferred. See Nemet Chevrolet, 591 F.3d at 255. Thus, he cannot sustain a substantive due process claim.

To state an equal protection claim, plaintiff must allege facts showing that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002); see also Equity In Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011). Generally, a plaintiff must allege that he was mistreated because of membership in a protected class like race, sex, or national origin. See Morrison v. Garraghty, 239 F.3d 648, 654

(4th Cir. 2001). Additionally, a plaintiff must allege enough facts to support a reasonable inference of discriminatory intent. See Ashcroft, 556 U.S. at 678-79; see also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Despite occasional references to discrimination in the complaint, plaintiff fails to allege unequal treatment or that such treatment resulted from intentional or purposeful discrimination by defendants. Thus, this claim also fails.

Turning to plaintiff's Monell claim, under § 1983, suits against local governing bodies for alleged federal constitutional deprivations are allowed only when the municipality undertakes the allegedly unconstitutional action pursuant to an "official policy" or "custom." See Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Here, nothing in the complaint suggests misconduct by defendants, much less misconduct occurring under an official policy or custom, aside from the conclusory argument that the plaintiff's injuries were caused by "official policies and customs; widespread retaliatory practices; failure to correct known systemic problems; and decisions and ratification by final policymakers." (DE 1 at 11-12). While the court must accept plaintiff's well-pleaded facts, these legal conclusions and threadbare assertions are insufficient to support his claims. See Nemet, 591 F.3d at 255. Plaintiff's conclusory allegations alleging failure to train or supervise are insufficient for similar reasons. See Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000).

Turning to plaintiff's North Carolina law claims, plaintiff first argues that defendants "violated [his] rights under Article I of the North Carolina constitution." (DE 1 at 12). Like many of his other claims, defendant provides no factual basis to support this argument. Nemet, 591 F.3d at 255. Next, plaintiff alleges intentional infliction of emotional distress. Under North Carolina law, to allege intentional infliction of emotional distress, plaintiff must show: "(1)

extreme and outrageous conduct by the defendant, (2) which is intended to cause and does cause (3) severe emotional distress to another." Turner v. Thomas, 369 N.C. 419, 427 (2016) (cleaned up). "[E]xtreme and outrageous conduct is that which exceeds all bounds of decency tolerated by society and is regarded as atrocious, and utterly intolerable in a civilized community." Id. (internal citations and quotation marks omitted). None of plaintiff's allegations suggest defendants engaged in "extreme and outrageous conduct" that "exceeds all bounds of decency." See id. As a result, this claim likewise fails.

Finally, plaintiff contends that defendant Sheriff's Surety Bond should be jointly and severally liable for damages caused by defendant Robert D. Fountain's misconduct. Because plaintiff has failed to establish misconduct by defendant Fountain, any claim for joint and several liability based on the same necessarily fails.

**CONCLUSION**

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge